# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| BLANCA DELEON, ELVIA YOLANDA PERES, MARIA TERESA VILLA SEÑOR, MARIA SUJEY PULEDO, GABRIELLA SAMBRANO, and ROBERTO ERACO, | CIVIL ACTION FILE NO. |
| | _____ |
| Plaintiffs, | |
| | **JURY TRIAL DEMANDED** |
| v. | |
| STRAND DEVELOPMENT COMPANY, LLC d/b/a SAVANNAH SUITES HOTELS, | |
| Defendant. | |

## COMPLAINT
## AND DEMAND FOR JURY TRIAL

COME NOW, Plaintiffs Blanca DeLeon, Elvia Yolanda Peres, Maria Teresa Villa Señor, Maria Sujey Puledo, Gabriella Sambrano, and Roberto Eraco, by and through their undersigned counsel, and hereby bring this action against Defendant Strand Development Company, LLC d/b/a Savannah Suites Hotels.

## NATURE OF THE ACTION

1.    Plaintiffs Blanca DeLeon ("DeLeon"), Elvia Yolanda Peres ("Peres"), Maria Teresa Villa Señor ("Señor"), Maria Sujey Puledo ("Puledo"), Gabriella

Sambrano ("Sambrano"), and Roberto Eraco ("Eraco") (collectively "Plaintiffs") bring this action under the Fair Labor Standards Act ("FLSA" or "Act") of 1938, as amended, 29 U.S.C. § 201 et seq., against Defendant Strand Development Company, LLC d/b/a Savannah Suites Hotels ("Savannah Suites"), alleging that Defendant: (1) willfully failed to pay Plaintiffs minimum wage for all hours worked; and (2) willfully failed to pay Plaintiffs overtime wages for all hours and part hours worked in excess of forty (40) hours per week.

## PARTIES

1.      Plaintiffs are each residents of the State of Georgia.

2.      Defendant Savannah Suites is a limited liability company organized and existing under the laws of the State of South Carolina with its principle place of business at 1109 48th Avenue North, Suite 211, Myrtle Beach, South Carolina 29577.

3.      Defendant Savannah Suites may be served with process by delivering a copy of the Complaint and Summons to its registered agent, John Pharr, at 1109 48th Avenue North, Suite 211, Myrtle Beach, South Carolina 29577.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction of Plaintiffs' claims pursuant to 28 U.S.C. § 1331.

5.    Defendant is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit because it has sufficient minimum contacts with the forum state, including, but not limited to: its possession of assets in Georgia, its maintenance of business and employment relationships in Georgia, and its formation of contracts in Georgia with Georgia residents.

6.    Venue is proper pursuant to 28 U.S.C § 1391(b) and Local Rule 3.1(B)(3) in the Atlanta Division of the Northern District of Georgia because (1) the events giving rise to this action occurred within this District and Division and (2) Savannah Suites transacts business in this District and Division.

7.    At all times relevant to this action, Defendant Savannah Suites engaged in interstate commerce, with an annual gross volume of sales made or business done in excess of $500,000.

8.    At all times relevant to this action, Plaintiffs have been, and continue to be, engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

9.    At all times relevant to this action, Plaintiffs were former, nonexempt "employees" as defined by 29 U.S.C. § 203(e).

## FACTUAL ALLEGATIONS IN SUPPORT OF CLAIM THAT DEFENDANT SAVANNAH SUITES WAS PLAINTIFFS' EMPLOYER

10.    Savannah Suites is an "employer" within the meaning of the FLSA.

11.     Savannah Suites is a family owned company engaged in the hospitality industry.

12.     Savannah Suites offers daily, weekly, and monthly rates to guests seeking temporary and long term housing, and 24-hours guest laundry and housekeeping services.

13.     At all times relevant to this action, Savannah Suites employed Javier Castelan Damaso ("Damaso") as a supervisor of maids, housekeepers, and maintenance technicians, all of whom provided guest laundry and housekeeping services.

14.     Upon information and belief, Savannah Suites has employed Mr. Damaso for over ten (10) years, and continues to employ Mr. Damaso.

15.     At all times relevant to this action, Savannah Suites approved, directed, and authorized Mr. Damaso to recruit Spanish speaking persons for employment at Savannah Suites.

16.     At all times relevant to this action, Savannah Suites, by and through its employee and agent, Mr. Damaso, recruited Plaintiffs to work at Savannah Suites as maids, housekeepers, and maintenance technicians.

17.     At all times relevant to this action, Savannah Suites, by and through its employee and agent, Mr. Damaso, controlled the locations where Plaintiffs were

assigned to work, controlled all decisions as to what materials and supplies were necessary to complete their work, and provided those materials and supplies.

18.   At all times relevant to this action, Savannah Suites instructed Plaintiffs on which tasks to perform at a given location and made regular rounds to monitor work performed.

19.   At all times relevant to this action, Plaintiffs were hired and trained at Savannah Suites' establishment by Savannah Suites' employees.

20.   At all times relevant to this action, Savannah Suites exercised the power to hire and fire Plaintiff employees.

21.   At all times relevant to this action, Savannah Suites established Plaintiffs' terms and conditions of employment.

22.   For example, Savannah Suites, by and through its employee and agent, Mr. Damaso, informed Plaintiffs when to report to work, when to take breaks, when their workday ended, and what days to work.

23.   At all times relevant to this action, Savannah Suites, directly and indirectly, supervised and controlled Plaintiffs' work schedules.

24.   At all times relevant to this action, Savannah Suites, by and through its employee and agent, Mr. Damaso, determined the rate and method of payment.

25.   At all times relevant to this action, Plaintiffs resolved disputes regarding their pay directly with Savannah Suite employees.

5

26.    At all times relevant to this action, Savannah Suites maintained employment records for Plaintiffs and required Plaintiffs to track hours worked on timecards provided by Savannah Suites.

27.    At all times relevant to this action, and upon information and belief, Savannah Suites provided Plaintiffs with uniforms, which Savannah Suites required Plaintiffs to wear while performing work.

## FACTUAL ALLEGATIONS IN SUPPORT OF ALL COUNTS

28.    Plaintiff DeLeon was employed by Savannah Suites from approximately May 2010, to February 16, 2012, as a maid.

29.    Plaintiff DeLeon primarily worked at the Savannah Suites establishment located at 5280 Industrial Boulevard, Atlanta, Georgia 30341.

30.    Plaintiff DeLeon was compensated from May 2010 until December 20, 2011, at an hourly rate of $7.00.

31.    Plaintiff DeLeon was not compensated by Savannah Suites for the work that she performed after December 20, 2011.

32.    Plaintiff Peres was employed by Savannah Suites from approximately February 17, 2012, to February 31, 2012, as a maid.

33.    Plaintiff Peres primarily worked at the Savannah Suites establishment located at 5280 Industrial Boulevard, Atlanta, Georgia 30341.

34.    Plaintiff Peres was promised by Savannah Suites an hourly wage of $7.00.

35.    While employed with Savannah Suites, Plaintiff Peres worked in excess of 90 hours but was not compensated for all hours worked.

36.    Plaintiff Señor was employed by Savannah Suites from approximately September 21, 2011, to October 9, 2011, as a maid.

37.    Plaintiff Señor primarily worked at the Savannah Suites establishment located at 5280 Industrial Boulevard, Atlanta, Georgia 30341.

38.    Plaintiff Señor was promised by Savannah Suites an hourly wage of $7.00.

39.    While employed with Savannah Suites, Ms. Señor worked in excess of 85 hours but was not compensated for all hours worked.

40.    Plaintiff Puledo was employed by Savannah Suites from approximately September 21, 2011, to November 12, 2011, as a maid.

41.    Plaintiff Puledo primarily worked at the Savannah Suites establishment located at 5280 Industrial Boulevard, Atlanta, Georgia 30341.

42.    Plaintiff Puledo was promised by Savannah Suites an hourly wage of $7.00 but was not paid this amount.

43.    While employed with Savannah Suites, Plaintiff Puledo worked in excess of 110 hours but was not compensated for all hours worked.

44.   Plaintiff Sambrano was employed by Savannah Suites from approximately September 14, 2011, to February 16, 2012, as a maid.

45.   Plaintiff Sambrano primarily worked at the Savannah Suites establishment located at 5280 Industrial Boulevard, Atlanta, Georgia 30341.

46.   Plaintiff Sambrano was promised by Savannah Suites an hourly wage of $7.00.

47.   Plaintiff Sambrano, however, was not compensated for any of the hours that he worked while employed by Savannah Suites.

48.   Plaintiff Eraco was employed by Savannah Suites from approximately August 20, 2011, to October 9, 2011, as a maintenance technician.

49.   Plaintiff Eraco was promised by Savannah Suites an hourly wage of $11.00.

50.   Although Savannah Suites promised to pay Plaintiff Eraco an hourly rate of $11.00, Plaintiff Eraco was not paid this amount.

51.   Plaintiff Eraco worked in excess of 130 hours but was not compensated by Savannah Suites for all hours worked.

52.   Throughout Plaintiffs employment, Savannah Suites' either failed to compensate or systematically undercompensated Plaintiffs.

## COUNT ONE: WILLFUL FAILURE TO PAY MINIMUM WAGE

53.     Throughout Plaintiffs employment, Savannah Suites' failed to compensate Plaintiffs at the minimum wage required by the FLSA.

54.     Savannah Suites' failure to compensate Plaintiffs for all time worked at a rate equal to the federal minimum wage is a violation of Section 206 of the FLSA.

55.      Savannah Suites' violation of Section 206 of the FLSA was willful.

56.     Savannah Suites led Plaintiffs to believe that Defendant's policies conformed with the FLSA and the laws of the State of Georgia.

57.     Savannah Suites knew or should have known that the FLSA applied to Plaintiffs.

58.     Because Savannah Suites violation of the FLSA was willful, Plaintiffs are entitled to the application of a three (3) year statute of limitations.

59.     Plaintiffs seek damages in an amount of Plaintiffs' unpaid wages, liquidated damages as provided under the FLSA, and any other such legal and equitable relief as the Court deems proper.

60.     Plaintiffs seek recovery of attorneys' fees and costs to be paid by Savannah Suites as provided by the FLSA.

## COUNT TWO: WILLFUL FAILURE TO PAY OVERTIME WAGES

61.    Plaintiffs regularly worked in excess of forty (40) hours per week while employed with Savannah Suites.

62.    Throughout Plaintiffs' employment, Savannah Suites' failed to compensate them at the overtime wage required by the FLSA.

63.    Savannah Suites, pursuant to its policies and practices, willfully refused and willfully failed to pay Plaintiffs at the overtime rate required by the FLSA.

64.    Savannah Suites knew or should have known that the FLSA applied to Plaintiffs.

65.    Savannah Suites failed to maintain and keep accurate time records of the hours worked by Plaintiffs.

66.    Savannah Suites failed to compensate Plaintiffs for all time worked.

67.    Savannah Suites led Plaintiffs to believe that Defendant's policies conformed with the FLSA and the laws of the State of Georgia.

68.    Because Savannah Suites violation of the FLSA was willful, Plaintiffs are entitled to the application of a three (3) year statute of limitations.

69.    Plaintiffs seek damages in the amount of Plaintiffs' unpaid overtime wages, liquidated damages as provided under the FLSA, and any other such legal and equitable relief as the Court deems proper.

10

70.     Plaintiffs seek recovery of attorneys' fees and costs to be paid by Savannah Suites, as provided by the FLSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs DeLeon, Peres, Señor, Puledo, Zambrano, and Eraco, respectfully pray that:

a.  The Court take jurisdiction of this matter;

b.  The Court issue an Order holding that Savannah Suites is Plaintiffs' "employer" as defined under the FLSA;

c.  The Court enter judgment in favor of Plaintiffs;

d.  The Court enter judgment against Savannah Suites that declares Defendant's violation of the FLSA willful;

e.  The Court award Plaintiffs all unpaid minimum and overtime wages as provided for under the FLSA;

f.  The Court award Plaintiffs liquidated damages in an amount equal to the amount of their unpaid wages as provided for under the FLSA;

g.  The Court award Plaintiffs reasonable costs and attorneys' fees as provided for under the FLSA;

h.  The Court determine all triable issues at trial; and

i.  The Court award all other relief as the Court deems just and proper, included any and all equitable relief.

11

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs DeLeon, Peres,

Señor, Puledo, Zambrano, and Eraco demand a jury trial on all issues triable by a

jury.

**RESPECTFULLY SUBMITTED** on May 16, 2012

/s/ Viraj Parmar

**MAYS & KERR LLC**                         Viraj Parmar
229 Peachtree Street NW                      Ga. Bar No. 99688
International Tower | Suite 980               viraj@maysandkerr.com
Atlanta, GA 30303
Telephone:  (404) 410-7998                   Jeff Kerr
Facsimile:   (404) 855-4066                   Ga. Bar No. 634260
Attorneys for Plaintiffs                     jeff@maysandkerr.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1D, counsel hereby certify that this Complaint and Demand for Jury Trial has been prepared using Times New Roman 14 point font, as approved by Local Rule 5.1C.

This 16th day of May, 2012

| | |
|---|---|
| **MAYS & KERR LLC**<br>229 Peachtree Street NW<br>International Tower \| Suite 980<br>Atlanta, GA 30303<br>Telephone:  (404) 410-7998<br>Facsimile:    (404) 855-4066<br>Attorneys for Plaintiffs | /s/ Viraj Parmar<br>Viraj Parmar<br>Ga. Bar No. 996884<br>viraj@maysandkerr.com<br><br>Jeff Kerr<br>Ga. Bar No. 634260<br>jeff@maysandkerr.com |